UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,         Case No. 1:07-cr-239-03

v                 HON. JANET T. NEFF

CRAIG M. STONE,

    Defendant.
_____/

## **ORDER**

Pending before the Court is defendant Stone's Motion for Judgment of Acquittal pursuant to FED. R. CRIM. P. 29(c) (Dkt 388). The government has filed a response in opposition (Dkt 415). For the reasons that follow, the Court denies the motion.

Defendant was charged on October 3, 2007 with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Specifically, defendant and others were charged with a *Klein* conspiracy to defraud the United States by impeding and impairing the role of the Internal Revenue Service in ascertaining and collecting the federal income taxes of the conspirators' clients (Super. Indict. ¶ 28).

Before trial, defendant filed a Motion to Dismiss Indictment Based on Statute of Limitations Grounds (Dkt 258). The period of limitations for conspiracy to defraud the United States is six years. 26 U.S.C. § 6531(8). The Court heard oral argument on the motion on August 24, 2009 and denied the motion from the bench. The Court determined that defendant's alleged withdrawal from the conspiracy was a factual issue for the jury to determine. The Court's opinion was effectuated by an order entered the next day (Dkt 303).

After the government closed its evidence at trial, defendant made an oral motion for a judgment of acquittal pursuant to FED. R. CRIM. P. 29(a) based on the alleged insufficiency of the evidence presented against him and his same statute-of-limitations argument. The Court denied the motion from the bench. Viewing the evidence in the light most favorable to the prosecution, the Court found there was "more than adequate" evidence of defendant's role in the conspiracy and that any rational trier of fact could find the essential elements of the crime against defendant beyond a reasonable doubt. Based on the overt-acts evidence, particularly "the coverups, the loans, the lies," the Court also rejected defendant's statute-of-limitations argument, noting for the record that the limitations period does not begin to run until the last overt act of any member of the conspiracy. *See United States v. Lash,* 937 F.2d 1077, 1083-84 (6th Cir. 1991); *Pinkerton v. United States,* 328 U.S. 640, 646-47 (1946).

Following the jury's guilty verdict and this Court's discharge of the jury on October 20, 2009, defendant orally renewed his Rule 29 motion for a judgment of acquittal pursuant to FED. R. CRIM. P. 29(c), based on "the same arguments previously tendered to the Court." The Court, for the same reasons previously placed on the record, denied the motion.

In support of his current motion, defendant provided the Court a one-page memorandum in which he again asserts that acquittal is necessary based on the alleged insufficiency of the evidence against him as well as "all of the objections and motions filed during trial, including the Motion to Dismiss based on Statute of Limitations grounds." The government requests that this Court deny the motion as "moot" and for the reasons previously set forth by this Court based on the evidence and arguments presented during trial.

This Court has already thoroughly considered, addressed and rejected defendant's sufficiency-of-the-evidence and statute-of-limitations arguments. Defendant provides no new arguments to cause this

Court to reconsider its prior rulings. Defendant also advances no arguments to warrant revisiting the Court's prior rulings on "other" unspecified objections or motions made during trial. Therefore,

**IT IS HEREBY ORDERED** that defendant's Motion for Judgment of Acquittal (Dkt 388) is DENIED.


Date: November 12, 2009                 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge